**Jed W. Manwaring ISB #3040**
**Christy A. Kaes ISB #4852**
**EVANS KEANE LLP**
**1161 W. River Street, Suite 100**
**P. O. Box 959**
**Boise, Idaho  83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:   (208) 345-3514**
**E-mail:  jmanwaring@evanskeane.com**
           ckaes@evanskeane.com

**Attorneys for Trustee, Noah G. Hillen**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**FARMERS GRAIN, LLC,**<br><br>　　Debtor. | Case No. 17-00450-TLM<br><br>Chapter 7 |
| **NOAH G. HILLEN, Trustee,**<br><br>　　Plaintiff,<br><br>vs.<br><br>**ANTHONY HOLDERMAN, and FARMERS BANK fdba FARMERS NATIONAL BANK,**<br><br>　　Defendants. | Adversary Case No. |

## COMPLAINT

Plaintiff, Noah G. Hillen, Trustee ("Plaintiff"), alleges as follows:

1. Jurisdiction in this court arises pursuant to 28 U.S.C. §§ 1334 and 157.

2. Plaintiff is the duly appointed trustee for the above chapter 7 case.

COMPLAINT - 1

3. Defendant Anthony Holderman is an individual residing in Vale, Malheur County, Oregon.

4. Defendant Farmers Bank is an Idaho corporation formerly doing business as Farmers National Bank with its principal place of business at Twin Falls, Idaho.

5. On April 18, 2017, debtor filed a Voluntary Petition ("Petition") for bankruptcy pursuant to Chapter 11 of the Bankruptcy code. On August 15, 2017, the Court converted the case to a Chapter 7 liquidation.

6. Defendants received the following payments from the debtor which payments were paid by the debtor's bank after the date of the Petition as follows:

| Check No. | Date of Check | Check Amount |
|---|---|---|
| 1107 | 06/14/2017 | $ 4,671.90 |
| 1118 | 06/14/2017 | $ 4,461.09 |

7. Debtor's payments to Defendants described above were transfers of interests of the estate in property that were not authorized under the Bankruptcy Code or by order of the Court.

8. Debtor's payments to Defendants constitute avoidable post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550(a).

9. Plaintiff is entitled to recover against both the initial, mediate, and/or immediate transferees pursuant to Idaho Code § 550(a).

10. In the course of discovery, Plaintiff may discover other transfers which are avoidable under 11 U.S.C. §§ 544, 547, 548, 549 and/or 550. Defendants are hereby placed on notice that all such transfers may be avoided by the Trustee by a claim that will relate back in time to the date of filing of this Complaint.

COMPLAINT - 2

WHEREFORE, Plaintiff prays that the transfers to Defendants be avoided, that judgment be entered against Defendants in the amount specified above, and for such other and further relief as is just.

DATED this 19th day of March, 2019.

        EVANS KEANE LLP

        By   /s/ Jed W. Manwaring
            Jed W. Manwaring, Of the Firm
            Attorneys for Trustee

COMPLAINT - 3